**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Maurice Reynolds, | ) | CASE NO. 1:24 CV 1265 |
| | ) | |
| Petitioner, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| vs. | ) | |
| | ) | |
| Shelbie Smith, Warden, | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Respondent. | ) | |

**Introduction**

This matter is before the Court upon the Report and Recommendation of Magistrate Judge Reuben J. Sheperd (Doc. 12) which recommends denial of the Petition for Writ of Habeas Corpus pending before the Court. Objections were filed. For the following reasons, the Report and Recommendation is ACCEPTED.

**Standard of Review**

Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts provides, "The judge must determine *de novo* any proposed finding or recommendation to which objection is made. The judge may accept, reject, or modify any proposed finding or

1

recommendation."

**Discussion**

Petitioner, Maurice Reynolds, commenced this action with the filing of a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. The Magistrate Judge issued his Report and Recommendation recommending that the Petition be denied. Petitioner has filed objections to the Report and Recommendation.

Petitioner entered a plea of guilty in state court on counts of sexual battery, abduction, gross sexual imposition, and endangering children. Petitioner raised three grounds for habeas relief. The Magistrate Judge found that Grounds One and Three were non-cognizable and Ground Two was without merit. For the following reasons, the Court agrees.

In Ground One, petitioner maintained that the trial court erred when it failed to merge three of the counts because they were allied offenses of similar import. But, petitioner raised error only on state law grounds. Errors in application of state law are not cognizable in federal habeas corpus unless the error amounts to a fundamental miscarriage of justice or a violation of the right to due process. *Cristini v. McKee,* 526 F.3d 888 (6th Cir. 2008). Petitioner does not raise constitutional error as he only relies on the application of Ohio law to his sentence. Petitioner argues that the Magistrate Judge erred and abused his discretion, but he still only relies on Ohio law. Accordingly, the Court accepts the recommendation as to Ground One.

In Ground Three, petitioner maintained that the state appellate court misapplied the merger statute and violated the Due Process and Equal Protection clauses of the Fourteenth Amendment. He asserts that the error resulted in a fundamentally unfair criminal process. As the Magistrate Judge pointed out, however, defendant failed to argue how the state appellate court's

application of Ohio's merger statute violated equal protection or due process. Rather, federal courts defer to a state court's construction of its own statutes. (Doc. 12 at 20-21). Petitioner presents no persuasive argument to the contrary. Ground Three is non-cognizable on habeas review.

In Ground Two, petitioner maintained that his guilty plea was not knowingly, voluntarily, or intelligently given based on the trial court's colloquy. Upon thorough review of the state court proceedings, the Magistrate Judge concluded that the state appellate court's determination of this issue was not clearly contrary to, or an unreasonable application of, United States Supreme Court precedent. Additionally, based on his review of the state court transcript and the totality of the circumstances, the Magistrate Judge found no constitutional error. (Doc. 12 at 22-25). Petitioner argues that the Magistrate Judge's conclusion should be rejected because the trial court gave confusing, unintelligible, and inconsistent advice. The Court agrees with the Magistrate Judge that the state appellate court's determination deserves AEDPA deference given that there is no indication that it was contrary to clearly established federal law. *State of Ohio v. Reynolds,* 2023 WL 7041010 (Ohio 8th App.Dist. Oct. 26, 2023). Ground Two fails on the merits.

For these reasons, the Court agrees with the Magistrate Judge that the Petition must be denied.

### **Conclusion**

This Court fully agrees with the reasoning and conclusions of the Magistrate Judge and completely adopts his factual and legal conclusions as its own and incorporates them herein by reference. Accordingly, for the reasons stated herein and for those set forth in the Magistrate Judge's Report and Recommendation, the Petition for Writ of Habeas Corpus is denied.

Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R.App.P. 22(b).

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 7/1/25